BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-MC-00035-MCE-DAD |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| 2014 PORSCHE PANAMERA S; VIN: WP0AB2A75EL056429; LICENSE NUMBER: 7EYU646, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture (ECF No. 11), the Court finds:

1.      On October 2, 2014, law enforcement agents with the El Dorado County Sheriff's Department  seized the defendant 2014 Porsche Panamera S, VIN: WP0AB2A75EL056429, License Number: 7EYU646 (hereafter "defendant vehicle").  Drug Enforcement Administration ("DEA") adopted the defendant vehicle for federal forfeiture on October 31, 2014.  The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about January 23, 2015, the DEA received a claim from Johnny Luong asserting an ownership interest in the defendant vehicle.  The defendant vehicle is registered to Johnny Luong ("claimant" or "Luong").

2.      The United States represents that it could show at a forfeiture trial that law enforcement officials led an investigation that targeted, in part, Vi Chi Hoang ("Hoang") and others.  Based on their

1

investigation, law enforcement officials believed that Hoang and his associates cultivated, distributed, and/or conspired to distribute marijuana.

3.      The United States could further show at trial that on October 2, 2014, WENET executed nine State search warrants in connection with the investigation, leading to the discovery of over 786 pounds of processed marijuana, 816 marijuana plants, two loaded handguns with removed serial numbers, and over $130,000.00 in cash.  Hoang and thirteen others were arrested as a result.

4.      The United States could further show at trial that law enforcement agents searched Hoang's residence located at 4445 78th Street in Sacramento, California, and discovered pay/owe notes, packaging, a duffel bag containing $123,395.00 in cash, and the defendant vehicle.  The defendant vehicle is registered to Johnny Luong; however, indicia belonging to Hoang were located in the vehicle, including a set of keys to the neighboring house located at 4441 78th Street.  Further investigation revealed that 4441 78th Street is an indoor marijuana grow.  When Luong was asked why his car was parked at Huong's house, he said Huong was storing the car for him.  Luong said that Huong had not driven the car, but later admitted he told Huong to get insurance for the car if he planned to drive it.

5.      The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

6.      Without admitting the truth of the factual assertions contained in the stipulation Johnny Luong specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Johnny Luong agrees that an adequate factual basis exists to support forfeiture of the defendant vehicle.  Johnny Luong hereby acknowledges that he is the sole owner of the defendant vehicle, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant vehicle, Johnny Luong shall hold harmless and indemnify the United States, as set forth below.

7.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8.      This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in

Consent Judgment of Forfeiture

which the defendant currency was seized.

9.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2.     Payment of $10,500.00 as the substitute *res* in lieu of the defendant vehicle shall be paid to the United States within 15 days of signing the Stipulation for Consent Judgment of Forfeiture. Payment shall be made in the form of a cashier's check made payable to the U.S. Marshals Service and shall be sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.  All right, title, and interest in the $10,500.00 shall be substituted for the defendant vehicle and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4), to be disposed of according to law.

3.     If payment of the $10,500.00 is not received within 15 days of signing the Stipulation for Consent Judgment of Forfeiture, the U.S. Marshals Service shall be authorized to sell the defendant vehicle, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.  Through the sale of the defendant vehicle, the United States shall receive the net proceeds up to $10,500.00, less payments for costs of selling the vehicle, storage, other expenses incurred, and any legitimate liens that exist on the defendant vehicle.  Johnny Luong, through attorney John S. Harrison, shall receive all remaining amounts after payment of costs of sale, legitimate liens, and costs incurred by the U.S. Marshals Service.

4.     Upon payment of the $10,500.00 within 15 days of signing the Stipulation for Consent Judgment of Forfeiture and entry of this Consent Judgment of Forfeiture, forfeiting those funds to the United States, the U.S. Marshals Service shall return the defendant vehicle to Johnny Luong within 30 days of entry of the Consent Judgment of Forfeiture.

5.     The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out

Consent Judgment of Forfeiture

of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

6.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

7.     All parties will bear their own costs and attorney's fees.

8.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant vehicle and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

IT IS SO ORDERED

Dated:  October 5, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT